[Cite as *Carrington Mtge. Servs., L.L.C. v. McClain*, 2020-Ohio-206.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC | : | |
| | : | |
| | : | Appellate Case No. 28456 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2018-CV-5080 |
| v. | : | |
| | : | (Civil Appeal from |
| JOSHUA S. MCCLAIN, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . .

CHRISTOPHER NOBLE, Atty. Reg. No. 0096814 and ANDREW GERLING, Atty. Reg. No. 0087605, 655 Metro Place South, Suite 600, Dublin, Ohio 43017
      Attorneys for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Joshua S. McClain appeals from the trial court's entry of summary judgment in favor of plaintiff-appellee Carrington Mortgage Services, LLC ("Carrington") on a foreclosure complaint.

{¶ 2} McClain advances two assignments of error. First, he contends the trial court erred in entering summary judgment against him before allowing him to respond within the court-ordered deadline. Second, he claims the trial court erred in failing to provide its rationale for extending his response deadline to July 22, 2919 rather than August 21, 2019, which was what he requested. For its part, Carrington has not filed an appellate brief.

{¶ 3} The record reflects that Carrington filed a foreclosure complaint against McClain in October 2018, alleging default on a note and residential mortgage. (Doc # 1.) On June 11, 2019, Carrington moved for summary judgment. (Doc. # 39.) The trial court filed an entry stating that the motion would be deemed submitted for decision on July 8, 2019. (Doc. # 43.) Thereafter, McClain requested an extension of time to respond to the motion. He explained that he had a key deposition scheduled for July 25, 2019. He sought an extension until August 21, 2019 so he could obtain a deposition transcript and prepare his memorandum in opposition. (Doc. # 44.) In making his request, McClain also noted that the trial court's initial scheduling order had provided a discovery cut-off date of August 12, 2019 and had provided an August 21, 2019 date for summary judgment responses to be filed.

{¶ 4} On June 28, 2019, the trial court filed an order sustaining McClain's unopposed motion for an extension of time but granting him only until July 22, 2019 (three days *before* his scheduled deposition) to respond to Carrington's summary judgment

motion. (Doc. # 46.) The next filing in the trial court's docket is a July 8, 2019 judgment entry and decree of foreclosure against McClain and in favor of Carrington. (Doc. # 47.)

{¶ 5} In his two assignments of error, McClain challenges (1) the trial court's unexplained decision to extend the summary judgment response deadline to July 22, 2019 rather than August 21, 2019 and (2) the trial court's entry of summary judgment against him on July 8, 2019 after having given him until July 22, 2019 to respond.

{¶ 6} With regard to the first issue, we note that the order extending the summary judgment deadline to July 22, 2019 appears to have been prepared and submitted *by counsel for McClain.* (Doc. # 46 at 1.) The document includes a caption reading, "Proposed Order Granting Unopposed Motion of Defendant Joshua McClain for an Extension of Time to Respond to Plaintiff's Motion for Summary Judgment." The body of the document, which was electronically signed by the judge, grants an extension until July 22, 2019. Near the bottom of the page, the document states:

Approved by:

*/s/ Andrew J. Gerling*

Andrew J. Gerling (0087605)

*Attorney for Defendant Joshua McClain*

{¶ 7} If, as the record suggests, McClain's own attorney submitted and "approved" a proposed order granting an extension until July 22, 2019, then McClain cannot complain on appeal about the trial court failing to grant a longer extension. Accordingly, we will overrule McClain's second assignment of error, which is where he primarily raises this issue.

{¶ 8} With regard to the remaining issue, however, we agree with McClain that the

trial court prejudicially erred in entering summary judgment against him on July 8, 2019 after explicitly granting him until July 22, 2019 to respond. *See, e.g.*, *Endel v. John P. Timmerman Co.*, 3d Dist. Allen No. 1-95-13, 1995 WL 385516, *1 (June 23, 1995) ("The trial court's judgment entry indicates that appellants failed to present any evidence to overcome appellee's motion. However, the trial court's filing of its judgment entry on February 9, 1995, prior to the expiration of appellants' time period for filing a response, prejudiced appellants by not allowing them their full time to present evidence to overcome appellee's motion."). Accordingly, we sustain McClain's first assignment of error insofar as he contends the trial court erred in entering summary judgment against him prematurely.

{¶ 9} The judgment of the Montgomery County Common Pleas Court is reversed, and the cause is remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

David T. Brady
Suzanne M. Godenswager
Brian S. Gozelanczyk
Michele Phipps
Christopher Noble
Andrew Gerling
Hon. Mary Katherine Huffman